UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORBERT P. PICKETT,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） | No. CV 14-8076 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff Norbert P. Pickett ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 9, 10). Pursuant to the October 29, 2014 Case Management Order, (Dkt. No. 7), on August 17, 2015, the parties filed a Joint Stipulation ("Joint Stip.") detailing each party's arguments and authorities, (Dkt. No. 17). The Court has reviewed the Joint Stipulation and the administrative record ("A.R."), filed by defendant on August 5, 2014, (Dkt. No. 14). For the reasons stated below, the decision of the Commissioner is affirmed.

/ / /

/ / /

## I.  PRIOR PROCEEDINGS

On June 29, 2013, Plaintiff applied for Disability Insurance Benefits based on alleged physical impairments.  (A.R. 133).  The alleged onset date of these impairments was May 3, 2012.  (A.R. 155).  Plaintiff alleged the following disabling impairments: fusion at C5-6 and C6-7, spondylosis and loss of cervical lordosis, neck injury, back injury, sensory nerve damage in both arms, sensory nerve damage in both legs, muscle spasms, stabbing pain in legs, migraine headaches, depression, muscle weakness in legs and arms, and damaged sensory nerves.  (A.R. 169).  The Administrative Law Judge ("ALJ"), John Wojciechowski, heard testimony from Plaintiff and a Vocational Expert ("VE"), on April 9, 2014.  (A.R. 32–74).

On May 16, 2014, the ALJ denied Plaintiff benefits in a written decision.  (A.R. 16–28).  The ALJ found that Plaintiff suffered from the following severe impairments: cervical and lumbar degenerative disc diseases, status post fusions.  (A.R. 21).  However, the ALJ also found that Plaintiff's impairments did not meet or equal a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (A.R. 22).  Additionally, the ALJ determined that Plaintiff's statements of disabling pain were less than fully credible.  (A.R. 26–27).  Furthermore, the ALJ determined that Plaintiff possessed the residual functional capacity ("RFC") to:

> perform light work . . . including lifting up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking up to 6 hours in an 8-hour workday, and sitting up to 6 hours in an 8 hour workday, with the following restrictions: limited to occasional performance of postural activities.

(A.R. 22).

Based on Plaintiff's RFC and the testimony of the VE, the ALJ determined that Plaintiff was able to perform his past relevant work as a "director of casting, director of marketing, and production manager."  (A.R. 27).

On September 24, 2014, the Appeals Council denied review of the ALJ's Decision. (A.R. 3–5).

Plaintiff filed the complaint in this case on October 20, 2014.

## II.  PLAINTIFF'S CONTENTIONS

Plaintiff raises the following issues:

1. Whether the ALJ properly considered Plaintiff's testimony; and
2. Whether the ALJ properly considered the opinions of Plaintiff's treating physician, Dr. Rabbani.

(Joint Stip. at 4).

## III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flatten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

## IV. DISCUSSION

A. The ALJ Properly Evaluated Plaintiff's Testimony

    1. Background

The ALJ determined that Plaintiff's testimony regarding the "intensity, persistence, and limiting effects of his impairments [was] not entirely credible." (A.R. 26). The ALJ based this determination on his findings that Plaintiff made inconsistent statements regarding his impairments and that the objective medical evidence did not support the degree of limitations alleged. (A.R. 26–27). In support of these conclusions, the ALJ found that: (1) Plaintiff made conflicting statements about why he left his previous job; (2) Plaintiff had not made any statements to his doctors about his alleged fatigue or inability to leave his bed twice a week; (3) Plaintiff's medical records "[did] not show that he needs assistive devices to ambulate;" (4) Plaintiff's medical records show "short term conservative treatment after cervical and lumbar fusions, and indicate good recovery with minimal pain;" and (5) that "no clinical findings support[] the degree of limitation alleged [by Plaintiff]," as illustrated by the fact that Plaintiff exhibited full motor strength "in all muscle groups" and that "imaging studies showed mild pathologies." (A.R. 27).

    2. Analysis

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their claimed severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an ALJ may reject a claimant's allegations upon: (1) finding affirmative evidence of malingering; or (2) providing clear and convincing reasons for so doing. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

        *i. Inconsistent Statements*

When determining a claimant's credibility, an ALJ may rely upon "ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements concerning [claimant's] symptoms, and other testimony by the claimant that appears

less than candid." *Smolen*, 80 F.3d at 1284. Here, Plaintiff's testimony that he stopped working because he was fired, (A.R. 42), differed from his prior affirmations that he stopped working because of his impairments, (A.R. 169). This inconsistency was a permissible basis for the ALJ's adverse credibility determination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that inconsistencies in claimant's stated reasons for leaving work undermined the claimant's credibility). Additionally, Plaintiff's extensive medical records indicate that Plaintiff never reported an inability to leave his bed at least two days per week. As a result, the ALJ's reliance on this inconsistency was permissible. *See Terrazas v. Comm'r Soc. Sec. Admin.*, 500 F. App'x 628, 630 (9th Cir. 2012) (affirming ALJ's credibility determination where claimant's testimony "was inconsistent with her statements to her doctors").

    ii. *Lack of Objective Medical Evidence*

"While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). Here, as the ALJ noted, Plaintiff's medical records show that Plaintiff exhibited full motor strength in all muscle groups. (A.R. 415). The same records lack any prescriptions for ambulatory devices. Furthermore, Plaintiff's medical records indicate that on April 15, 2013, Dr. Gil Tepper reported that "overall [Plaintiff] is improving," and that Plaintiff's cervical fusion was "progressing well." (A.R. 338–39). Similarly, on February 29, 2013, Plaintiff experienced "minimal pain," (A.R. 238), and on April 24, 2013, Dr. Xie reported that Plaintiff's "arm symptoms had overall resolved after surgery," (A.R. 267). Additionally, on April 24, 2013, an MRI of Plaintiff's cervical spine "revealed excellent decompression of C56 and C67 interval" and only "mild degenerative diseases at L45 and L5S1." (A.R. 267). Other imaging studies throughout Plaintiff's medical records generally indicated the presence of only "mild" impairments, if any. (A.R. 296, 298, 300, 304, 306, 364, 397). Accordingly,

substantial evidence supports the ALJ's findings that Plaintiff's complaints of pain were unsupported by objective medical evidence.

B.  The ALJ Properly Considered the Opinions of Dr. Rabbani

    1.  Background

        i.  *State Agency Physician's Opinion*

On August 30, 2013, a State Agency Physician, Dr. Reed, reviewed the medical evidence and opined that Plaintiff was not disabled. (A.R. 76–85). Furthermore, Dr. Reed determined that Plaintiff possessed the RFC to: lift twenty pounds occasionally, lift ten pounds frequently, stand and/or walk for about six hours in an eight hour workday, and sit for about six hours in an eight hour workday. (A.R. 81–82). In support of this conclusion, Dr. Reed found that Plaintiff successfully underwent cervical fusion surgery, exhibited no evidence of motor deficits, and had only subjective decreased range of motion. (A.R. 80). Furthermore, Dr. Reed noted that Plaintiff's MRIs were mild and that no objective evidence precluded Plaintiff from walking. (A.R. 80). Dr. Reed ostensibly based any conclusions on an analysis of all available medical evidence. (A.R. 80, 82, 84).

        ii.  *Dr. Rabbani's Opinion*

On April 16, 2014, Dr. Rabbani completed a Physical Residual Functional Capacity Report regarding Plaintiff's impairments. (A.R. 466–74). In this assessment, Dr. Rabbani opined that Plaintiff could occasionally and frequently lift/carry less than ten pounds, stand and/or walk less than two hours in an eight-hour workday, sit for a total of less than two hours in an eight-hour workday, and that his push/pull abilities were limited to the same extent as his lift/carry abilities. (A.R. 467). Dr. Rabbani also opined that Plaintiff could never climb, balance, stoop, kneel, crouch, or crawl, (A.R. 468), and that Plaintiff's reaching, handling, fingering, and feeling abilities were limited, (A.R. 469). Based on these limitations, Dr. Rabbani concluded that Plaintiff was unable to work. (A.R. 468). Dr. Rabbani supported his conclusion by citing Plaintiff's cervical and lumbar fusion surgeries. (A.R. 466–73).

2. <u>Analysis</u>

Ordinarily, "more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527. However, an ALJ may reject the contradicted opinion of a treating physician by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for doing so." *Lester*, 81 F.3d at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Consequently, an ALJ may reject a treating physician's opinion that is "conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Batson* 359 F.3d at 1195 (citations omitted). Moreover, in determining how much weight to afford a treating physician's opinion, the ALJ may entertain "the amount of relevant evidence that supports the opinion and the quality of the explanation provided," as well as "the consistency of the medical opinion with the record as a whole." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(c)(3)–(6)).

Here, the ALJ accurately noted that Dr. Rabbani's April 16, 2014, opinion was "not supported by detailed examination findings." (A.R. 27). Indeed, Dr. Rabbani's Physical Residual Functional Capacity Report did not include, or cite to, any clinical findings. Rather, Dr. Rabbani simply reiterated that Plaintiff had undergone cervical and lumbar fusion surgeries and that he has "severe impairment[s]" that limit his abilities. Dr. Rabbani also concluded, without indicating supporting facts, that Plaintiff's pain was the direct result of the injuries sustained on May 3, 2012, and the subsequent surgeries. Consequently, because Dr. Rabbani's opinion was "brief, conclusory," and "unsupported by clinical findings," the ALJ was not required to accept his opinions regarding Plaintiff's disability or his limitations. *See Batson*, 359 F.3d at 1195.

/ / /

/ / /

/ / /

C. <u>The ALJ's Errors Were Harmless</u>

    1. <u>Plaintiff's Daily Activities</u>

In discrediting Plaintiff's testimony, the ALJ found that Plaintiff's daily activities of driving for errands, grocery shopping, and cooking were "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (A.R. 26). However, cooking overstates Plaintiff's testimony, as Plaintiff testified that he only baked or prepared food in the microwave. (A.R. 47). Neither of these activities suggest that Plaintiff behaved in a way that contradicted his claimed inability to stand for more than thirty minutes at a time. As a result, this finding was in error. *See Reddick* 157 F.3d at 722 ("Only if [a claimant's] level of activity [is] inconsistent with [his] claimed limitations would these have any bearing on [his] credibility."). Furthermore, the ALJ erred in finding that claimant's credibility was adversely affected by the fact that he drives short distances to run errands and that he grocery shops. *See id.* at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). However, as discussed above, the ALJ properly identified other valid reasons for finding Plaintiff less than fully credible. Accordingly, the ALJ's credibility determination must stand. *See Batson*, 359 F.3d at 1197 (finding harmless error where ALJ's credibility determination was supported by other permissible reasons and objective medical evidence).

    2. <u>Opinion of Dr. Rabbani</u>

The ALJ's determination that Dr. Rabbani's opinions were entitled to little weight was partly based on the ALJ's finding that Dr. Rabbani's opinions were unsupported by the medical evidence. However, the ALJ did not explain in any way how the medical evidence detracted from the opinions of Dr. Rabbani. The ALJ's failure to do so was error. *See Jones v. Astrue*, 503 F. App'x 516, 517 (9th Cir. 2012) (finding error where the ALJ failed to specify which evidence he considered in finding that a treating physician's opinion was unsupport by the objective medical evidence). Despite this error, the ALJ properly concluded that the State Agency Physician, who

relied on the objective medical evidence, constituted substantial evidence. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)) (finding that the opinions of nontreating, non-examining physicians may constitute substantial evidence if they are supported by other evidence in the record).

## V. CONCLUSION

The legally valid reasons given by the ALJ for discounting Plaintiff's credibility sufficiently allow the Court to conclude that the ALJ's credibility finding was based on permissible grounds. The Court therefore defers to the ALJ's credibility determination. *See Lasich v. Astrue*, 252 F.App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); *accord Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995). Furthermore, the Court finds that the ALJ's other findings are based on sufficient evidence and, therefore, "[the Court] may not substitute [its] judgment for that of the ALJ." *Batson* 359 F.3d at 1196.

## ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: February 10, 2016                    /S/FREDERICK F. MUMM
                                                              FREDERICK F. MUMM
                                                             United States Magistrate Judge